IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL MIRABAL,

    Petitioner,

v.                                                                                     CIV 18-1024 WJ/KBM

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on a single issue for which I appointed counsel to represent Petitioner. *See* Doc. 64. Having reviewed the Petitioner's initial and reply briefs (Docs. 71 and 84, respectively), the responsive brief filed by the United States (Doc. 79), and the relevant authorities, the Court finds that the Petitioner was lawfully convicted on Count 6 of the Superseding Indictment.

In Count 6, Petitioner was charged with possessing body armor after having been convicted of a felony "crime of violence" in violation of 18 U.S.C. § 931(a)(1), which relies on the definition of "crime of violence" contained in 18 U.S.C. § 16. The Honorable William Johnson determined that a conviction of aggravated battery with a deadly weapon under New Mexico law qualified as a "crime of violence" under 18 U.S.C. § 16. In doing so, now-Chief Judge Johnson referenced both the residual clause of 18 U.S.C. § 16(b) and the elements clause of 18 U.S.C. § 16(a).

Subsequently, the United States Supreme Court invalidated the residual clause which called into question the previous ruling in this case. *See Sessions v. Dimaya*, 138

S. Ct. 1204, 1211 (2018). The question now presented is whether the predicate prior state conviction of aggravated battery with a deadly weapon (NMSA 1978, § 30-3-5(C)) indeed qualifies as a "crime of violence" as defined by 18 U.S.C. § 16(a) such that it can support Petitioner's conviction for illegally possessing body armor.

Using the categorical approach, the Tenth Circuit has expressly found that an aggravated battery conviction in violation of NMSA § 30-3-5(C) qualifies under the elements clause as a crime of violence. *United States v. Manzanares*, 956 F.3d 1220, 1226 (10th Cir. 2020), cert. denied 141 S. Ct. 1396 (2021). Although the *Manzanares* analysis was performed in the context of the Armed Career Criminal Act, this Court sees no reason to believe the analysis would differ in the present context.

The Court further agrees with the Government that this holding constitutes binding precedent, especially in light of the more recent Tenth Circuit decision in *United States v. Perkins,* 2022 WL 5140458 (10th Cir. 2022) (unpublished), cert. denied 143 S. Ct. 847 (Feb 21, 2023). In that case, as here, Perkins argued that his New Mexico aggravated battery conviction did not satisfy the elements clause for a crime of violence. Nevertheless, Perkins also acknowledged the *Manzanares* binding contrary precedent. The Tenth Circuit noted that Perkins was "raising this issue to preserve it for *en banc* review and/or Supreme Court review." *Perkins*, 5140458 at *3. And, as noted above, the Supreme Court declined review just a few months ago.

The United States maintains that Mirabal likewise fails to overcome the holdings set forth in *Manzanares* and *Perkins*:

> Petitioner, just as did the defendant in *Manzanares*, argues that aggravated battery as defined in NMSA § 30-3-5 lacks the element of violent physical force. Both Petitioner and the *Manzanares* defendant argued that the "least of the acts" criminalized by NMSA § 30-3-5 did not meet the threshold level of

2

>violent physical force. *See* Doc. 71, page 8. Both tried to ignore the elements
>of the offense that make it a felony rather than a misdemeanor.

Gov't Response Brief, Doc. 79 at 6. Indeed, the Court agrees – a NMSA § 30-3-5(C) conviction for aggravated battery <u>with</u> a deadly weapon *necessarily requires* the <u>use</u> of the weapon to accomplish an unlawful touching of another person. As the Government observes, "Petitioner at a bare minimum unlawfully touched another person with an 'intent to injure,' and used a deadly weapon to do so. This combination involves the use or threat of 'force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In his Reply Brief, Mirabal argues that the aggravated battery conviction with a deadly weapon requires neither physically violent force nor physical injury. Doc. 71 at 3. He then sets forth an intricate menagerie of proposed various components for analysis – hybrid modified categorical approach, divisibility, alternative elements – to argue that Mirabal was convicted under "a different statute than those which have been found to be 'crimes of violence' under the new paradigm." *Id.* The difficult-to-follow analysis procedure proposed by Mirabal ignores the fact that the Tenth Circuit has already addressed the precise issue raised here and rejected his contention that an aggravated battery conviction is not a crime of violence.

Perhaps as a final attempt to persuade, Mirabal asserts that "[t]o the extent the Tenth Circuit may have suggested the opposite through prior rulings, those rulings have been upended by the Supreme Court. Either the Tenth Circuit has been overruled, or its reasoning unconstitutional." *Id.* Simply put, this Court is not free to disregard binding Tenth Circuit precedent on theories, such as those set forth by Mirabal here, that the Supreme Court will ultimately overrule previous case law. This is especially true given that when provided the opportunity to do so in the recent *Perkins* case, the Supreme Court denied certiorari.

3

## CONCLUSION

The Court hereby recommends that the presiding judge find that Petitioner's prior conviction for aggravated battery with a deadly weapon properly qualifies as a "crime of violence" and was validly used as a basis to charge and convict Petitioner of a violation of 18 U.S.C. § 931(a)(1), that being Possession of Body Armor by a Felon who has been Convicted of a Crime of Violence, as charged in Count 6 of the superseding indictment.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE